This next case is 4-13-0718, People v. Stephen Shreffler. For the appellant is attorney Tanya Joy Reedy and for the appellee attorney David Manchin and Ms. Joy Reedy Good morning, your honors. May it please the court, I am Joy Reedy. I represent Stephen Shreffler. I plan to focus on the first three issues this morning, but if you have questions on the fourth issue, I'd be happy to answer those as well. Stephen Shreffler did everything a reasonable person would do to try to conform to the law, but he stands convicted of three felony counts for possession of short firearms based entirely on a statute that fails to define how to measure a firearm. Each gun, the way he measured it, satisfied the length requirements, but the measurements used to convict him were based on federal regulations nowhere found in the Illinois statute. Thus, the state failed to prove that Mr. Shreffler's firearms were too short under the Illinois statute, the Illinois statute is unconstitutionally vague for failing to specify how the guns must be measured, and Mr. Shreffler's due process rights were violated when he was given felony penalties for innocent conduct without proof of a culpable mental state. For all these reasons, these three felony convictions must be reversed. Turning to the first issue, the state failed to prove beyond a reasonable doubt that Shreffler's firearms were too short under the Illinois statute because that statute only specifies the length requirements. A shotgun must be 26 inches in length overall, a rifle barrel must be 16 inches long, but the statute doesn't say how to measure those. Measured from the tip of the barrel to the tip of the stock, both of the shotguns were 26 inches or longer, and the rifle barrel was 16 inches or longer, including the flash suppressor. The principle of lenity says that any ambiguity in a criminal statute must be resolved in a manner that favors the accused as long as it doesn't violate the intent of the legislature. For the shotguns, the state concedes that there are at least two ways to measure the shotguns consistent with the intent of the statute, and that Shreffler's method was one of those. So, because this is a criminal statute, because it's ambiguous in that way, the statute must be interpreted to allow Shreffler's measurement method. Is the question, what does the term overall length mean? I'm sorry, could you? Is the question before us, what does the term overall length mean? Yes, one of the questions is what is the overall length, and it must be interpreted according to its plain and ordinary meaning, and according to the plain and ordinary meaning of overall length, the way Mr. Shreffler measured from the tip of the barrel to the tip of the stock, it includes everything in the gun, and it's at least as reasonable or a more common sense way to measure than the federal measurement that the state used, which requires the measurement to be parallel to the bore of the barrel, and measures from a point on the gun to a kind of a projected point that is not on the gun. So for the shotguns, the way interpreting overall length, Mr. Shreffler's method is shotguns are 26 inches in overall length or more. The same is true for the rifle barrel. The flash suppressor fits the ordinary definition of a barrel because it's part of the cylinder through which the bullet travels, and although the federal regulations say that the flash suppressor must be permanently attached in order to be measured, the Illinois statute does not reference the federal regulations that say that, but the Illinois legislature knows how to reference federal statutes when it wants to, but it did not here, it did not reference those federal regulations. So again, because this is a criminal statute, because it's ambiguous, there's more than one way to measure this. Has the legislature referred in criminal context to federal statutes? Criminal context, so there's the Floyd, I guess that's not, is that a criminal statute? Defining the substance of criminal offense, that's what they've done here. Have they, in that context, referred to federal regulations or statutes for clarification over definition? Yes, so there is defining an antique firearm, so an antique firearm is an exception for a criminal statute, and that is defined in reference to... So, 430 ILCS 65.1.1 refers to the Illinois State Police regulations for the definition of antique firearm, and then the Department of State Police regulations says that antique firearm is a criminal statute. So, that's an example of a definition related to a criminal statute. Well, in terms of Illinois' enactment of this criminal statute, it provides for the same length of rifle barrel and the same overall length for a shotgun, 16 inches and 26 inches respectively, as the federal statute. So, is there any legislative history behind the enactment of the Illinois statute that would suggest that it was meant to mirror the federal statute? Not that I found. And what is missing from the Illinois statute is any definition of rifle barrel or barrel barrel as compared to the federal statute, and any method of measuring the overall length of a shotgun as compared to the federal statute, is that what you're saying? Yes, it's actually the federal regulations that specify, yes. But that's right, there are no Illinois regulations, there are no similar Illinois regulations, and right, that's what's missing. So, because the way Mr. Schreffler measured his guns, all three of them satisfy the length requirements under the Illinois statute, and the state failed to prove otherwise, so his conviction must be reversed. Turning to the second closely related issue, the Illinois statute is unconstitutionally vague because it does not provide a person of ordinary intelligence a reasonable opportunity to distinguish between lawful and unlawful conduct. And it doesn't adequately define the offense to ensure consistent enforcement. So as the state conceded, and as we've already discussed some, the key terms barrel and overall length must be interpreted with their plain and ordinary meanings, however, the state had to present an out-of-state federal firearms expert in order to show that the ATF standards and industry standards require that a screw-off flash suppressor is not considered part of the barrel for the measurement, and the overall length for a shotgun has to be measured parallel to the barrel bore. So the fact that the state would call an expert to explain the correct way to measure shows that these methods of measurement are not, are outside the knowledge of the average person, and that courts and juries and enforcement officers are likely to apply the statute differently. So again, because this statute is unconstitutionally vague, Schreffler's convictions based on the turning to the third issue, the vagueness of the statute was compounded in this case because the state was not required to prove a guilty mental state. So because the statute was vague, it was hard to know if the guns were too short, but then Mr. Schreffler was given felony penalties for being wrong. For just this reason, Illinois and federal law will read a mental state into the statute for every element. So Illinois statute section 5 slash 4-3b says that if a statute has a mental state prescribed to the statute as a whole, that mental state will be applied to every element. So here that means that the state needed to prove not only that Schreffler knowingly possessed the guns, but that he knew that the guns were too short. Illinois Supreme Court affirmed this principle for various non-weapon statutes, but the U.S. Supreme Court in Staples v. U.S. applied it to the federal gun statute. And held that the state had to prove that the defendant knew the feature that made the gun illegal, or else the statute would violate due process for punishing innocent conduct with a felony. So that's what happened here. And again, because the state failed to prove beyond a reasonable doubt that Mr. Schreffler knew the characteristics that made the gun illegal, his felony convictions violate due process and must be reversed. So your honors, Mr. Schreffler was charged under the Illinois statute, not the federal statute. But the Illinois statute is too vague to prove him guilty under that statute, and it's unfair to him to saddle him with felony convictions when he did not know he was violating the law. So we ask that this court reverse his convictions. All right. Thank you. Thank you. Counsel? Good afternoon, your honors. Please, the court, counsel. I will start with the vagueness argument. From today's argument, it's kind of hard to decide whether the defendant is now raising a facial challenge or if he's still arguing that it's unconstantly vague as applied to the defendant. A facial challenge was not made in the defendant's brief, was on as applied. And the facial standard is that it has to be so vague it could not possibly be applied in a reasonable manner in any case. And I think that that kind of challenge could simply not be made with the unlawful use of weapons statute, which plainly states guns are usually shorter than 16 or 26 inches, respectively. That can be applied in most cases without any question. It's only a factual question where I measured it and it was 27 inches, I measured it was 26, it was 25, which one do you believe? That's the only time where there'd be any... Is the only issue on measurement in this case whether you measure parallel or diagonally? That is where it boils down to, but this court does not have to make a definitive determination that in every single case decided in Illinois, you have to measure one way or the other. This is not strictly, this is not really a case of statutory interpretation. It's a matter of what are the facts before the trial court and based on these facts, because a reasonable trial of fact, taking all the evidence, the light most favorable to prosecution, find all the elements prove beyond reasonable doubt. Here we have testimony or evidence, stipulated testimony, that the gun was measured using the ATS standards and using the standards used by the industry and the determination was that the shotguns were under 26 inches long. Why is that pertinent? Well, that's the facts. It just shows... Well, no, I'm not being clear. Why is that pertinent to the question of how you measure the gun under the statute, what the statutory language is? Well, the statutory language says that the overall length is under 26 inches. We have the officer testifying, I measured the overall length of the gun and it was under 26 inches. Well, he could have testified I measured it perpendicularly and it was one inch long and say, well, that's not how you measure, that's not what they meant. The question is, do you measure it perpendicularly or at an angle? So at an angle, I guess it's within the statute, isn't it? Theoretically it can be, but... Well, there's nothing theoretical about it, Mr. Manchin. It either, as you mentioned earlier, it either is or isn't within 26 inches. But if we get into a question of statutory interpretation saying, okay, you have to read a means of measurement into the statute, you go by common understanding or the common understanding or view of what this is. The best evidence of what a common understanding is, is what does the industry state? The industry states you measure parallel to the barrel. Now, I'm not a gun guy, but it occurs to me that if I'm thinking about buying a gun, this shotgun, let's say, and I'm looking at it and I understand, gee, the law says it can't be shorter than 26 inches, my first instinct would be to measure it the longest part from the barrel to the end of the gun, which would be diagonally. Well, of course. Why would that be incorrect? Well, it's like you go out to buy a 50-inch TV set. You're not going to expect that you're going to be measuring a corner to corner this way 50 inches because the industry standard is you measure it diagonally. Well, that's not a very good analogy because these TV sets are advertised as 50-inch TV set or 55-inch TV set. The gun isn't advertised by its length. No, I'm just saying that I'm using this analogy that is that you can use the industry standards to determine, okay, what is meant? What is meant by a particular length? You know, like in the TV set, you know that the length is diagonally. Using the industry standards, you know that the length of a gun is parallel to the barrel, which is how you're pointing it to somebody rather than... Well, that's interesting. Why is it that that's the industry? I understand there's this testimony from this expert, but why do they measure it parallel instead of diagonally? There's no evidence presented below as to why they do that. Give me your best case on why you think that is because I don't understand it. I really don't know either. I think the best guess is that they know that that's how the feds... Why do the feds do it that way? In other words, you know, assuming you can measure a gun in two different ways, you can go parallel from one end on the barrel or you can do it from parallel to the end of the stock, why... The statutory intent is to prevent possession of too short weapons. And if you're doing it in a diagonal, you will always get a longer length. Just mathematically, there's no way that you can have it shorter diagonally this way than parallel to the barrel. But if the intention of the legislature is, in your correctness, let's assume to avoid short weapons, which would perhaps more easily be hidden, you know, under the old... You see in the gangster movies, the guy pulls out a sawed-off shotgun from under a trench coat or something. It would be too easily hidden. Well, but the measuring it diagonally then would be more consistent with concerns about the length than just looking at a stock that was inches longer. It could be maybe four inches longer for whatever reason. You would certainly say, well, this is long enough to address the concerns. We don't want it to be easily hidden. Wouldn't that be right? I think the... It would be just... By measuring it on the shorter axis, which is more likely to be preventing the possession of a too short weapon that is going to be too easily hidden. The ability to avoid the length of the weapon by creatively designing your pistol grip with, you know, a six-inch pistol grip to make the gun four feet long or whatever. I think that the parallel to the barrel is most consistent with the intent of the statute to prevent possession of too short weapons that are too easily concealed. But Mr. Manchin, basically your position is that the statute is not ambiguous, right? And we don't even need to go down the road of interpreting the statutory language. Yeah, the language is clear. It's 26 inches or 16 inches. The evidence in this case was that it was under 26 inches. The defendant presented countering evidence that says, no, it was 27 inches. But given all this discussion we've had, isn't it unclear as to how you measure and how can you determine whether or not a person has violated the law when you don't know the standards by which you judge their conduct? Well, you know the standard by the testimony. That gets to the vagueness challenge of was this defendant given sufficient notice as to what the statute demands. Here we're dealing with an individual who is a licensed firearm dealer whose license has lapsed a few years before this case began. He is aware of the federal regulations. To say that he is surprised that the state has adopted the federal regulations is stretching things, to say the least. Well, when will we adopt the federal regulations? But that's what I'm just saying. He's saying that it's vague because I could not anticipate that the state would be measuring it parallel to the barrel. That he's saying it's vague as to him because he could not know that he was measuring it wrong by measuring it that way. The vagueness question arguably could be predicated upon or pertinent to that question could be his background and experience. But on the question of what does the statute mean, surely you're not arguing to us that the statute means different things based upon the understanding of the guy who's charged with this offense, that is, whether he's a firearms dealer or a guy like me who has no idea how to measure it. I'm just saying that as far as the defendant's vagueness claim, that it's vague as applied to me. I'm talking about the sufficiency of the evidence, whether or not he was proven guilty beyond a reasonable doubt. How can he know based on the statute what he's required to do or not do when we're having this huge discussion regarding how you measure and what's the proper way to measure? Well, the facts, the court just, it's the same difference as if the testimony is, I measured it, it was 26 inches, no discussion of how it was measured. The defendant says, no, I measured it at 27 inches. No discussion of how he measured it. It comes down to a question of fact. Which do you believe? Do you believe the officer who said it was 25 inches, do you believe the defendant said it was 27? But that's really not disputed here, right? I mean, you're not disputing that the way the defendant measured it, it complied if you measure it that way. And the defendant's really not disputing the way the state measured it, it doesn't comply if you measure it that way. I mean, isn't that fair to say? Yes. So it's not a credibility issue. Well, it is a way to the evidence issue. The facts of the case are that it's measured and it was too short. The defendant is saying, no, you measured it wrong. It's the same thing as saying the tape measure used by the police officer was inaccurate. It's no different than saying that you measured, it's no different than that. It's just saying, no, you measured it wrong. The difference between, you know, the wrong tape measure as opposed to wrong method of measurement is really no different as far as the way the evidence before the trial court. Going to the rifle barrel issue and the flash suppressor, the federal regulation specifies that if it's a screw-on attachment, then that doesn't count towards the barrel length. But if it's permanently affixed, then it does. There's no equivalent specification in the Illinois statute along those lines. Is that right? The statute, yes, the statute is silent as to that point. But any person of common understanding would know that an attachment, that is a separate object from the rifle itself, that you put on, take off, put on, take off, is simply not part of the rifle. Well, what about a barrel extension? Now, this is where, you know, having a watch the Olympics, the Winter Olympics, by athletes who are the cross-country skiers who shoot rifles, they actually have screw-on barrel extensions to help them sight in the target. It's a continuation of the barrel that's actually screwed in. How is that different than a flash suppressor in this case in terms of the length of the barrel? I'd say there'd be no difference if it's not permanently attached because that is a separate object. It is not, it's something you have to go out and buy separately. You don't, or you can buy them together, but you can buy them separately. It is not part of the rifle. It's something you add to the rifle to change its performance, improve its performance, to hide where you're shooting from in the case of this flash suppressor. It's an object that if you take it off, it makes no difference at all to how the gun operates. Do you have any authority here, either in the statute itself or any cases that would say that anything added to the end of an existing barrel cannot constitute the barrel itself? The only cases I found, I cited in my case, were two federal cases that did not refer to the federal regulations that said no, that in both those cases the sole issue was too short if you don't include the barrels of the flash suppressor. And the sole issue was the defendant claimed, no, I have a barrel suppressor, this flash suppressor, therefore my gun is long enough. And in each of those cases they said no, and something that you take off and put on the rifle is simply not part of the barrel. They were federal cases. Yes. Those are the only cases I could find in the entire country. But to your contention, then, if I understand correctly, that the permanent attachment to the barrel is a requirement of the statute? Well, if it's permanently attached, it is part of the rifle. So it's got to be permanently attached to be considered part of the barrel? Yes. In the statute dealing with measurement? I'm just saying that a flash suppressor, by definition, is not part of the rifle. How would someone know that from reading the statute itself? The statute says barrel. A flash suppressor is not part of the barrel. It's something separate from the rifle. Any person of reasonable understanding should know that you have something that's separate from the rifle is not part of the rifle for purposes of measurement. It's like you have a bayonet that has a circle that clips over the end. The bullet now fires through that circle. Does that mean that you now measure from the end of the bayonet because you're firing through this little circle? What's the purpose, do you think, of this legislative provision regarding the length of rifles? Ease of concealment. Wouldn't the presence of a flash suppressor have the same effect as if the barrel were as long as the flash suppressor is long? That is, if it were permanent? So that the ease of concealment matter would be the same whether it's a barrel that long permanently or with a flash suppressor applied? Then you have the problem that with the detachable one, the defendant can freely take this off to make it easier to hide. Then you get into the question, okay, he's got the flash suppressor in one room and the rifle in another room. If you put the two together, it's now long enough. Does that mean that the defendant's rifle is long enough because he could have made it long enough? Of course, that's an interesting point, but here one sees where the flash suppressor was on the rifle. But it could be easily removed just by simply unscrewing it. It's a separate object. It cannot be part of the rifle. What if it had been permanently affixed to the rifle, assuming it could be? If it was permanently affixed, it is part of the rifle because it is permanent. You can't take it off and put it on. If it's not part of the rifle, how can you measure it as part of the rifle? If there are no further questions of the Court, I will stand on my brief with respect to the fourth issue. I can suggest that this defendant's conviction was correct. His complaint that he gets a felony conviction because he mismeasured is no different than if he had cut it the wrong way. Taking his own measurements is dangling. If he had cut it too short that way, it's no different than the other way. So to say that just because he mismeasured and now has a gun that's too short, that he should be able to avoid prosecution because he tried to fit the statutes. If there are no further questions, thank you. I don't see any. Thank you. Rebuttal. May it please the Court, I'd like to make just four brief points. The first is there was a suggestion that a facial challenge that was not made below cannot be made on appeal. But there is a case, People v. Wright, 194.3. Or IL2D1 from 2000, I believe, contradicts that claim. Also, so there was some discussion about the industry standard of a television set, that a person should be required, that the industry standard is what an is that you don't get a felony penalty for mismeasuring a television set. So the consequences are very different here. Also, the state was saying that Mr. Shreffler was a licensed federal firearms dealer, so he would be aware of the federal regulations. However, there's no evidence of what's required to get such a license. It's not clear that any knowledge, it's not clear what knowledge would be required for that license. And finally, so this, I'm not sure, but it seemed as though the state was saying Mr. Shreffler measured another way and mismeasured. But in this case, actually the federal ATF expert who did the measurements measured both ways. So this is not like a professional measurement versus a layperson's measurement, but they asked the expert to measure both ways. And the way that Mr. Shreffler measured his guns, they satisfied the length requirements. So again, we'd ask that this court reverse his convictions. Thank you. All right. Thank you, counsel, both. The case will be taken under advisement and a written disposition shall issue. The court will stand in recess.